Hon. Henry B. Whitbeck County Attorney, Schoharie County
This is in response to your letter of January 16, 1978 wherein you state that on December 28, 1977, a resolution was adopted by your county board of supervisors which appointed an individual to the full time position of director of personnel. This resolution followed the enactment of two local laws, one to change the form of administration of civil service within the county from a municipal civil service commission to a director of personnel, and the other to establish said office and prescribe powers and duties. Both laws were adopted by the board of supervisors on December 16, 1977, and became effective on December 21, 1977, upon filing with the office of Secretary of State. You advise that although section15 of the Civil Service Law provides for "personnel officers" while the aforementioned local laws and resolution provide for a "director of personnel", said positions appear to be one and the same.
On December 30, 1977, the individual appointed to be director of personnel took the oath of office. Said individual previously served as clerk of the county board of supervisors and continued in that position until January 6, 1978, when he assumed the position of director of personnel. Subsequently, on January 20, 1978, both local laws were repealed by the county board of supervisors.
The question you pose asks whether or not it is proper for the county to pay the individual as director of personnel for the period from January 6, 1978 to January 20, 1978.
Civil Service Law, § 16, subdivision 1, paragraph a, provides that:
 "The board of supervisors of any county, other than a county wholly included within a city, may at any time and from time to time, authorize the withdrawal of the county from its then existing form of administration and elect that the provisions of this chapter be administered in such county under one of the other forms of administration authorized by section fifteen of this chapter."
Civil Service Law, § 16, subdivision 2, paragraph a, provides in part as follows:
 "Except as herein otherwise provided, the effective date of any change of form of administration authorized pursuant to the provisions of this section shall be fixed by the governing board or body of a * * * county * * * but shall not be less than one year from the time of such election * * *."
The "election" to change the form of administration of civil service from a civil service commission to a director of personnel took place on December 16, 1977, when the local laws were adopted. In accordance with the statutory provisions cited above, the effective date of such a change would be December 16, 1978, at which time the civil service commission would be terminated and the members thereof would no longer hold office or have any authority to act as commissioners.
In our opinion, since the position of director of personnel could not become effective and the term of office could not commence until December 16, 1978, no such position existed during the period of time in question. The question of whether the individual appointed to said position is entitled to payment as a de facto officer under color of title requires a determination of factual matters, and accordingly, we reach no conclusion on this issue.
From all of the foregoing, we conclude that where the County of Schoharie enacts local laws to change its form of administration of civil service from a municipal civil service commission to a director of personnel, the position of director of personnel could not exist before the expiration of one year from the date of election to make such a change.